# EXHIBIT B

## Final Rejection Letter dated 2/8/19 from City Solicitor

Andrew Dankanich and
Nicholas Marrandino

vs.

Marcel Pratt, and
City of Philadelphia



LAW DEPARTMENT
One Parkway
1515 Arch Street
Philadelphia, PA 19102-1595

Diana Cortes, Esq.
Chair, Litigation Group
17th Floor
215-683-5038 (phone)
215-683-5068 (fax)
diana.cortes@phila.gov

February 8, 2019

**VIA ELECTRONIC MAIL**

Andrew Austin
Stackhouse Group
P.O. Box #54628
Philadelphia, PA 19148

      **Re:**    **Proposed False Claims Ordinance Complaint:** *City, et al. v. Conduent State & Local Services, et al.*

Dear Mr. Austin,

On behalf of the Philadelphia City Solicitor, I write this letter to decline your request to file or to designate you to file the above-captioned case. Prior to reaching this decision, we conducted an in-depth analysis of the claims stated in your initial and amended proposed complaints. This included not only considering the applicable statutes, contracts, and your amendments (emailed on December 27, 2018), but also the points you raised through our multiple email exchanges, phone conversations, and in-person discussion of this matter between November 2, 2018 and February 4, 2019. In short, as you recognize in your February 6, 2019 letter, we have rigorously evaluated your proposed Complaint.

The PPA is a statutory parking authority considered for most purposes an "instrumentality of the Commonwealth" and for all purposes an entity separate from the City. You posited that PPA forgave or failed to assess Conduent several million dollars in penalties related to Conduent's contract performance, and that these penalties, if collected, would have resulted in additional funds available for payment to the City. You have not produced any evidence that any of this money would have been paid to the City such that the City could state a claim under the False Claims Ordinance ("FCO").

The Red-Light Camera statute does not provide for any direct payments to the City; they are payable to the Commonwealth for a grant fund, and the City has no entitlement to grant awards. The unique theory in your draft complaint is too speculative to create a right or harm that could serve as the basis of an FCO claim in this case.

The Parking Authority statute does provide for payment of net on street parking revenues to the City, but only to the statutory cap, with all excess paid to the Philadelphia School District. Our understanding is that in each applicable year, the statutory cap has been reached. Nor have you stated a viable cause of action for the School District, which is a distinct legal entity from the City.

In reviewing proposed actions under the FCO, we have a responsibility to determine whether any case meets the criteria of the FCO. As discussed above, we have determined that your proposed FCO claim does not. As a result, we decline to bring this case under either 19-3603(2)(b) (.1) or (.2), and further decline to designate you to commence a civil action in the City's name.

To be clear, this denial does not prejudice the ability of any City agency to further investigate these allegations or similar allegations in the future through other channels or sources of authority. Rather, it reflects that the FCO theory contained in your complaint and amended complaint is not appropriate for these circumstances.

Sincerely,

Diana Cortes, Esq.
Chair, Litigation Group

Cc: Marcel Pratt, City Solicitor