# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ANDREW J. DANKANICH, and<br>NICHOLAS A. MARRANDINO,<br><br>      Plaintiffs,<br><br> v.<br><br>MARCEL PRATT, in his official capacity as<br>City Solicitor of Philadelphia, and<br>CITY OF PHILADELPHIA,<br><br>      Defendants. | No. 2:19-cv-00735-MSG |

**DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR RENEWED MOTION TO DISMISS ALL OF PLAINTIFFS' CLAIMS WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 12(b)(6) AND TO STRIKE PURSUANT TO FED. R. CIV. P. 12(f)**

Stephen A. Fogdall (Pa. I.D. 87444)
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (215) 751-2581
Fax: (215) 751-2205
sfogdall@schnader.com

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

ARGUMENT IN REPLY ..................................................................................................................... 1

I.   The Court Should Reject Plaintiffs' Entirely New Substantive Due Process Claims ........... 2

    A.   The FCO Is Not Subject to Heightened Scrutiny Because Plaintiffs' Purported "Fundamental Right" to Bring a *Qui Tam* Action Does Not Exist ............................ 3

    B.   Plaintiffs' Purported "Right" to Bring a *Qui Tam* Action Is Not a Fundamental Property Interest ................................................................................................. 5

II.  Plaintiffs Still Have Not Identified a Property Interest Protected by Procedural Due Process ................................................................................................................................ 5

III. Plaintiffs Have Offered Nothing to Support Their First Amendment Claim ....................... 7

IV.  Plaintiffs Cannot State a Claim for Relief Under the Local Agency Law .......................... 8

CONCLUSION ................................................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**                                                                                                      **Page**

*Alvin v. Suzuki*,
  227 F.3d 107 (3d Cir. 2000) ........................................................................................... 9

*Brooks v. Dunlop Mfg. Inc.*,
  702 F.3d 624 (Fed. Cir. 2012)......................................................................................... 4

*Car Carriers, Inc. v. Ford Motor Co.*,
  745 F.2d 1101 (7th Cir. 1984) ....................................................................................... 3

*City of Chicago v. Int'l College of Surgeons*,
  522 U.S. 156 (1997) ...................................................................................................8, 9

*Cloverleaf Gold Course, Inc. v. MFC Corp.*,
  863 F. Supp. 2d 768 (S.D. Ill. 2012) .............................................................................. 4

*Commonwealth of Pa., ex rel. Zimmerman v. Pepsico, Inc.*,
  836 F.2d 173 (3d Cir. 1988) ........................................................................................... 3

*Logan v. Zimmerman Brush Co.*,
  455 U.S. 422 (1982) ....................................................................................................... 6

*Newark Cab Ass'n v. City of Newark*,
  901 F.3d 146 (3d Cir. 2018) ........................................................................................... 5

*NHS Human Servs. of Pa. v. Dep't of Pub. Welfare*,
  985 A.2d 992 (Pa. Commw. Ct. 2009).........................................................................10

*Nicholas v. Pa. State Univ.*,
  227 F.3d 133 (3d Cir. 2000) ........................................................................................... 5

*Rogers v. Conair Corp.*,
  2012 WL 1443905 (E.D. Pa. Apr. 25, 2012)................................................................. 4

*Rogers v. Tristar Prods., Inc.*,
  559 Fed. Appx. 1042 (Fed. Cir. 2012) ........................................................................... 6

*Sherr v. Anacondia Wire & Cable Co.*,
  149 F.2d 680 (2d Cir. 1945) ........................................................................................... 4

*State Farm Fire & Cas. Co. v. United States ex rel. Rigsby*,
  137 S. Ct. 436 (2016) ..................................................................................................... 7

*Steel Co. v. Citizens for a Better Environment*,
  523 U.S. 83 (1998).......................................................................................................... 9

*Stilp v. Contino*,
  613 F.3d 405 (3d Cir. 2010) ........................................................................................... 7

*Stoner v. Santa Clara Cty. Office of Educ.*,
   502 F.3d 1116 (9th Cir. 2007) ..................................................................................6, 7

*United States v. Aguilar*,
   515 U.S. 593 (1995) ........................................................................................................ 7

*United States ex rel. Bayarsky v. Brooks*,
   210 F.2d 257 (3d Cir. 1954) ........................................................................................... 4

*United States ex rel. Mateski v. Mateski*,
   634 Fed. Appx. 192 (9th Cir. 2015) ............................................................................... 6

*United States ex rel. Rodriguez v. Weekly Publications*,
   144 F.2d 186 (2d Cir. 1944) .......................................................................................3, 4

*Vermont Agency of Nat'l Res. v. United States ex rel. Stevens*,
   529 U.S. 765 (2000) ....................................................................................................... 4

**Statutes and Rules**                                                                                         **Page**

35 U.S.C. § 292................................................................................................................... 4

2 Pa. C.S. § 752................................................................................................................... 9

42 Pa. C.S. § 933(a)(2)........................................................................................................ 9

42 Pa. C.S. § 933(c)(1)........................................................................................................ 9

Fed. R. Civ. P. 15(a)(2) ...................................................................................................... 3

Defendants the City of Philadelphia ("the City") and Marcel Pratt, in his official capacity as City Solicitor of Philadelphia ("the City Solicitor"), respectfully submit this reply brief in further support of their renewed motion to dismiss all of plaintiffs' claims with prejudice pursuant to Rule 12(b)(6) and to strike paragraphs in plaintiffs' amended complaint pursuant to Rule 12(f).

## ARGUMENT IN REPLY

Plaintiffs' response brief fails to save any of their claims from dismissal.

First, plaintiffs have abandoned the rational basis challenge to the False Claims Ordinance ("FCO") that they pleaded in their original and amended complaints, saying now that this was "an error in pleading." Resp. Br. at 19. Plaintiffs' new contention is that the FCO is subject to "heightened scrutiny" because it "burdens" a hitherto unheard of "fundamental right to directly access the Courts on behalf of the government." Resp. Br. at 13, 19. Plaintiffs' attempt to amend this claim in their response brief is procedurally improper, and the claim fails on the merits because the supposed "fundamental right" does not exist.

Second, plaintiffs argue that this same unpleaded and unrecognized "fundamental right to directly access the Courts on behalf of the government" is also the fundamental *property* interest that they need to support their substantive due process challenge to the City Solicitor's decision not to designate them to pursue their proposed FCO lawsuit. This argument is meritless. The only property interest that will support such a non-legislative substantive due process claim is real property ownership, as the Third Circuit has made clear in multiple decisions that plaintiffs ignore.

Third, as to their procedural due process claim, plaintiffs now say that they have a "partial assignment of the government's damages claim," Resp. Br. at 9, citing case law under the *federal* False Claims Act ("FCA"). But whatever may be the case under the federal FCA, Philadelphia's FCO on its face does not effect any such "partial assignment" of the City's damages claim to plaintiffs. And even if it did, that still would not give plaintiffs a property interest protected by procedural due process.

Fourth, plaintiffs attempt to defend their First Amendment claim by relying on a single Third Circuit case that addressed a statute imposing a *criminal* penalty for violations of its confidentiality provision. The FCO imposes no such penalty. The only consequence of a would-be relator's decision not to comply with the FCO's confidentiality provision is the risk that a court might find that the relator had forfeited any privilege to proceed under the FCO. This is a reasonable consequence for a party who is, after all, voluntarily seeking the role of an FCO relator for personal profit, and it does not raise any First Amendment problem. For the same reason, it was perfectly reasonable for defendants to request that plaintiffs honor the FCO's confidentiality provision by filing their complaint in this action under seal. This is the only putative "restriction" of their "speech" that plaintiffs allege, and it did not violate their First Amendment rights in any way.

Fifth, and lastly, plaintiffs argue that this Court has supplemental *jurisdiction* over their claim under the Local Agency Law, but defendants moved to dismiss under Rule 12(b)(6), not 12(b)(1). Jurisdiction is not the question. Plaintiffs cannot state a claim for relief under the Local Agency Law when the "right" of review that they seek to invoke is by statute expressly limited to review in the Court of Common Pleas. Nor can plaintiffs treat this Court as if it were a state court of appellate administrative review by filing their challenge to the City Solicitor's decision here in the first instance, bypassing the procedures *they* say are available in state court. Thus, plaintiffs' Local Agency Law claim should be dismissed with prejudice as well.

**I.     The Court Should Reject Plaintiffs' Entirely New Substantive Due Process Claims.**

In their response brief, plaintiffs jettison the substantive due process claims they asserted in their original and amended complaints and attempt to substitute entirely new claims based on a purported "fundamental right" to file an FCO lawsuit on behalf of the City. Plaintiffs now say that the FCO is subject to "heightened scrutiny" because it supposedly "burdens" this "fundamental right." Resp. Br. at 19. And they say that this same "fundamental right" is the fundamental property interest they need for their non-legislative substantive due process claim, not the "portion of the proceeds" of an FCO lawsuit that they alleged in their original and

amended complaints. *See* Am. Compl. ¶¶ 175-76. Both of these new substantive due process claims should be rejected.

### A. The FCO Is Not Subject to Heighted Scrutiny Because Plaintiffs' Purported "Fundamental Right" to Bring a *Qui Tam* Action Does Not Exist.

Plaintiffs say they made an "error in pleading" when they asserted only a rational basis challenge to the FCO in their original and amended complaints. Resp. Br. at 19-20. But it is too late to change the claim now. "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Commonwealth of Pa., ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)). Moreover, further amendments are permitted only by leave of Court, which plaintiffs have not requested, or been granted. *See* Fed. R. Civ. P. 15(a)(2).

In any event, plaintiffs' new legislative claim fails as a matter of law because no court has ever recognized a supposed "fundamental right" of a private party to bring a *qui tam* lawsuit on a government's behalf.[1] Indeed, if there were such a fundamental right, then statutes that *eliminate* private plaintiffs' *qui tam* actions would be subject to heightened scrutiny, but courts universally uphold the constitutionality of such enactments and subject them only to rational basis review. For example, in 1943, Congress amended the Informers' Act, the predecessor of the federal FCA, to eliminate *qui tam* suits "based upon evidence or information in possession of the United States at the time suit was brought," including suits pending when the amendment was enacted. *United States ex rel. Rodriguez v. Weekly Publications*, 144 F.2d 186, 187 (2d Cir. 1944). Courts rejected relators' arguments that the amendment "deprive[d] [them] of rights

---

[1] At times, plaintiffs characterize this as a "fundamental right to directly access the Courts on behalf of the government," and at other times as a "fundamental right to a judicial review of their *qui tam* claim." Resp. Br. at 13, 14, 19, 21. However characterized, no such fundamental right exists.

3

guaranteed by the Constitution," because the relators' "privilege of conducting the suit on behalf of the United States and sharing in the proceeds of any judgment recovered, was an award of statutory creation, which, prior to final judgment, was wholly within the control of Congress." *Id.* at 188; *see also Sherr v. Anacondia Wire & Cable Co.*, 149 F.2d 680, 681 (2d Cir. 1945). The Third Circuit rejected the same argument that the 1943 amendment was "unconstitutional" because it "deprived [relators] of [their] right to an informer's fee," and expressly "adopt[ed] the reasoning of [*Rodriguez* and *Sherr*]" in doing so. *United States ex rel. Bayarsky v. Brooks*, 210 F.2d 257, 258 (3d Cir. 1954).

More recently, when Congress eliminated *qui tam* actions for false patent marking claims under 35 U.S.C. § 292, including pending actions, courts uniformly rejected arguments that the amendment was unconstitutional and applied rational basis review, not heightened scrutiny. *See, e.g., Brooks v. Dunlop Mfg. Inc.*, 702 F.3d 624, 632 (Fed. Cir. 2012) (relying on *Bayarsky*, *Rodriguez* and *Sherr*); *Rogers v. Conair Corp.*, 2012 WL 1443905, *2-*3 (E.D. Pa. Apr. 25, 2012) (rejecting relator's argument that "he had a property interest in [his *qui tam*] suit" and subjecting the amendment eliminating *qui tam* actions to rational basis review); *Cloverleaf Gold Course, Inc. v. FMC Corp.*, 863 F. Supp. 2d 768, 771 (S.D. Ill. 2012) (same). These decisions are inconsistent with any "fundamental right to directly access the Courts on behalf of the government." Resp. Br. at 13.

Plaintiffs rest their claim to a "fundamental right" almost entirely on the Supreme Court's historical discussion of the "tradition of *qui tam* actions in England and the American Colonies" in *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 774 (2000). The Court engaged in that discussion (which was *dicta*) merely to "confirm" the conclusion that it had already reached that a relator has *standing* to bring an action under the federal FCA. *Id.* Nothing in the Court's historical review suggests that it was announcing a fundamental right enshrined in the Due Process Clause to bring a lawsuit on behalf of the federal government, let alone on behalf of a municipality under its own municipal ordinance.

4

Without such a fundamental right, plaintiffs are stuck with the legislative claim that they actually pleaded, namely, that the FCO somehow does not survive rational basis review — a claim they now seem to concede is meritless. Resp. Br. at 4. Because the rational basis claim fails, and plaintiffs' last-minute attempt to invoke "heightened scrutiny" is likewise unsuccessful, the Court should dismiss plaintiffs' legislative substantive due process claim with prejudice.

### B. Plaintiffs' Purported "Right" to Bring a *Qui Tam* Action Is Not a Fundamental Property Interest.

Plaintiffs concede that their non-legislative substantive due process claim requires them to identify a fundamental *property* interest that they allegedly were deprived of by defendants. Resp. Br. at 21; *see also Newark Cab Ass'n v. City of Newark*, 901 F.3d 146, 155 (3d Cir. 2018); *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 139-40 (3d Cir. 2000). They then erroneously assume that the supposed "fundamental right" to bring an FCO lawsuit that they assert to support their *legislative* due process claim can also support their *non*-legislative claim. Resp. Br. at 21. Plaintiffs are wrong. The Third Circuit "ha[s] so far limited non-legislative substantive due process review to cases involving real property ownership." *Nicholas*, 227 F.3d at 140; *Newark Cab Ass'n*, 901 F.3d at 155 ("[T]he only protected property interests we have thus far deemed fundamental involved ownership of real property."). Thus, even if plaintiffs had a "fundamental right" to bring an FCO lawsuit sufficient to subject the FCO to heightened scrutiny — which, as already demonstrated, they do not — that still would not enable them to assert a *non*-legislative substantive due process challenge to the City Solicitor's decision to decline to authorize their proposed lawsuit. Plaintiffs do not even address these Third Circuit cases, and they obviously do not assert any such interest in real property in this action. Thus, their non-legislative substantive due process claim should be dismissed with prejudice.

### II. Plaintiffs Still Have Not Identified a Property Interest Protected by Procedural Due Process.

In their original and amended complaints, plaintiffs based their procedural due process claim, like their non-legislative substantive due process claim, on their alleged "entitlement" to a

potential "portion of the proceeds" of an FCO lawsuit. Am. Compl. ¶¶ 163, 164. In their response brief, plaintiffs now say they "have a partial assignment of the government's damages claim," relying exclusively on case law applying the federal FCA. Resp. Br. at 9-11. Nowhere in their original or amended complaints did plaintiffs allege that they were assignees of a damages claim owned by the City, so this is another claim that plaintiffs have not actually pleaded. Regardless, this unpleaded claim fails for two reasons.

First, the FCO does not effect "a partial assignment of the [City's] damages claim." Resp. Br. at 9. As this Court has already noted in denying plaintiffs' motion for a preliminary injunction, while the federal FCA permits a relator to unilaterally file a *qui tam* complaint without government approval, the FCO requires a would-be relator to submit a proposed complaint to the City Solicitor and "provides the City Solicitor complete discretion to file the complaint, permit the relator to file the complaint on the City's behalf, or do neither." ECF Document 12 at 2-3. The City Solicitor's option to decline the lawsuit, and to decline to designate the would-be relator to pursue it, refutes any suggestion that, *simply by submitting their proposed complaint*, plaintiffs received a partial assignment from the City of a damages claim under the FCO. Resp. Br. at 10.

Second, even if the FCO could somehow be characterized as effecting a partial assignment, plaintiffs still would not have a property interest protected by procedural due process. Even in the "context of the [federal] False Claims Act," where the partial assignment theory has some traction, "courts long ago rejected the argument that a constitutionally protected property right vests upon initiating suit." *Rogers v. Tristar Prods., Inc.*, 559 Fed. Appx. 1042, 1045 (Fed Cir. 2012); *see also United States ex rel. Mateski v. Mateski*, 634 Fed. Appx. 192, 195 (9th Cir. 2015)).[2]

---

[2] Thus, while a "cause of action" may well be "a species of property," as plaintiffs argue, Resp. Br. at 10 n.4 (quoting *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 429 (1982)), in a *qui tam* lawsuit it is the *government's* property, not the relator's. *Stoner v. Santa Clara Cty. Office of*
*…Continued*

6

In short, plaintiffs cannot rely on the "partial assignment" theory to save their procedural due process claim.

### III. Plaintiffs Have Offered Nothing to Support Their First Amendment Claim.

Plaintiffs' response brief fails to articulate any basis for their First Amendment claim.

As to their facial challenge to the FCO's confidentiality provisions, plaintiffs cite only *Stilp v. Contino*, 613 F.3d 405 (3d Cir. 2010), which has no application here. *Stilp* held that Pennsylvania's Ethics Act infringed a complainant's First Amendment rights because it imposed "a *fine* and *one year's imprisonment*" if the complainant disclosed "the fact that a complaint has been filed with the Ethics Commission." *Id.* at 407 (emphasis added).

The FCO does not impose any "fine" or "imprisonment" for a breach of its confidentiality or seal provisions. Indeed, like the federal FCA, the FCO does not explicitly provide *any* "remedy for a violation" of these provisions. *State Farm Fire & Cas. Co. v. United States ex rel. Rigsby*, 137 S. Ct. 436, 442 (2016). The only consequence of a relator's (or would-be relator's) decision not to comply with these provisions is simply the risk that a court might later hold that the relator had forfeited any privilege to proceed under the FCO. *Cf., e.g., Rigsby*, 137 S. Ct. at 444 (noting that dismissal of a *qui tam* action is "a possible form of relief" for a violation of the seal provision). This is a reasonable consequence to impose on parties who voluntarily seek the benefit of a *qui tam* statute, and no court has suggested that it offends the First Amendment. *Cf. United States v. Aguilar*, 515 U.S. 593, 606 (1995) ("As to one who voluntarily assumed a duty of confidentiality, governmental restrictions on disclosure are not subject to the same stringent standards that would apply to efforts to impose restrictions on unwilling members of the public.").

---

*Continued from previous page*
*Educ.*, 502 F.3d 1116, 1126 (9th Cir. 2007) ("Although the partial assignment allows the relator asserting the government's injury to satisfy the requirements of Article III standing, it does not transform a *qui tam* action into the relator's 'own case[.]'").

7

As to their "as applied" First Amendment claim, plaintiffs now say they somehow were prevented from "discuss[ing] *anything* to do with their Complaint." Resp. Br. at 3 (emphasis in original). But plaintiffs make no such allegation in their amended complaint. The sole putative "restriction" of their "speech" that they allege is that their counsel "filed this lawsuit under seal as [defendants] required." Am. Compl. ¶ 137. Filing this lawsuit under seal is not a restriction of plaintiffs' First Amendment rights. This lawsuit is based on plaintiffs' claimed rights under the FCO — indeed, its entire purpose is to force the City and the City Solicitor to designate plaintiffs to bring their proposed FCO lawsuit — and it was entirely reasonable for defendants to expect plaintiffs to honor the confidentiality provisions of the ordinance under which they sought to proceed by filing their complaint under seal. Plaintiffs continue to distort the email defendants' counsel sent on February 21, 2019. The only "demand" in that email was that "whatever [plaintiffs] *file*[*d*] *with the court*" should comply with the confidentiality provisions of the FCO. Am. Compl. ¶ 135 (emphasis added). Nothing prevented plaintiffs from discussing the alleged fraud publicly during the approximately three-week period the complaint was under seal, and plaintiffs do not allege otherwise. Their First Amendment rights were in no way violated.

**IV.    Plaintiffs Do Not State a Claim for Relief Under the Local Agency Law.**

Plaintiffs seem to assume in their response brief that defendants moved to dismiss their claim under Pennsylvania's Local Agency Law for lack of subject matter jurisdiction, but defendants moved to dismiss all claims, including the Local Agency Law claim, for failure to state a claim upon which relief can be granted under Rule 12(b)(6). Plaintiffs fail to explain how they can state a claim for relief under the Local Agency Law in this Court. Their reliance on *City of Chicago v. International College of Surgeons*, 522 U.S. 156 (1997), does not help them for two reasons.

First, that case dealt with a defendant's *removal* of a plaintiff's administrative review claim to federal court because it raised federal constitutional issues. This case has not been removed by defendants. Rather, plaintiffs are attempting to treat this Court as if it were a state

8

court of appellate administrative review by filing their challenge to the City Solicitor's decision here in the first instance, bypassing the procedures *they* say are available in state court. Plaintiffs are therefore attempting to do precisely what the Third Circuit said could not be done in *Alvin v. Suzuki*: "skip" the state court "process and use the federal courts as means to get back what [they] want." 227 F.3d 107, 116 (3d Cir. 2000). Although the Third Circuit in *Alvin* was specifically addressing a procedural due process claim, the point applies with no less force to plaintiffs' attempt to invoke the Local Agency Law in this Court in the first instance.

Second, the Court in *International College of Surgeons* limited its holding to addressing the district court's supplemental *jurisdiction* over the removed administrative claim. *Int'l College of Surgeons*, 522 U.S. at 159, 174. But defendants' argument here is that plaintiffs *have no valid cause of action* under the Local Agency Law that they can invoke in this Court. "[T]he absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.*, the courts' statutory or constitutional *power* to adjudicate the case." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998) (emphasis in original). Thus, *International College of Surgeons*, which solely addresses jurisdiction, is irrelevant. It may well be that this Court would have the *power* to adjudicate a Local Agency Law claim if it were removed by the defendant. But it does not follow that plaintiffs have a *right* to administrative review in this Court under that statute in the first instance, particularly when the statute by its express terms limits the "right to appeal" to the Philadelphia County Court of Common Pleas. 2 Pa. C.S. § 752; *see also* 42 Pa. C.S. §§ 933(a)(2) & (c)(1).

Two further points should be made: (1) Plaintiffs decline to say whether they think the February 8, 2019, letter from the City Solicitor's Office actually *is* an "adjudication" subject to review under the Local Agency Law, 2 Pa. C.S. § 752, because they recognize that if they say it is one, their procedural due process claim fails. *See* Resp. Br. at 19. But the February 8 letter either is an adjudication or it is not. If it is, plaintiffs should have utilized review in state court when they had the opportunity. If it is not, then the Local Agency Law claim fails in any event. Either way, they should not be asserting that claim in this Court. (2) Plaintiffs argue that the

9

time to seek review under the Local Agency Law did not begin to run because the February 8 letter was emailed to them rather than mailed. Resp. Br. at 25. But Pennsylvania courts recognize that emails can constitute adjudications. *See, e.g., NHS Human Servs. of Pa. v. Dep't of Pub. Welfare*, 985 A.2d 992, 995 (Pa. Commw. Ct. 2009) (concluding "that the same test" used to determine whether a letter is an adjudication "applies to an agency's correspondence by email"). Thus, an adjudication need not literally be "mailed," contrary to plaintiffs' arguments.

## CONCLUSION

For all these reasons, as well as those in defendants' opening brief, the City and City Solicitor urge the Court to dismiss all of plaintiffs' claims against them with prejudice and to strike paragraphs 114-34, 151-53 and 181-85 from plaintiffs' amended complaint.

Respectfully submitted,

Dated: May 2, 2019

/s/ Stephen A. Fogdall
Stephen A. Fogdall (Pa. I.D. 87444)
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (215) 751-2581
Fax: (215) 751-2205
sfogdall@schnader.com