**Andrew B. Austin**, Esq.
P.O. Box # 54628
Philadelphia, Pennsylvania, 19148
+1 (610) 656-1956
austin@stackhousegroup.com

Hon. **Mitchell S. Goldberg**
U.S. District Court
Eastern District of Pennsylvania
601 Market Street #7614
Philadelphia, Pennsylvania 19106-1797

**VIA ECF**

September 30, 2019

RE:   **Dankanich et al. v. Pratt et al.**, E.D. Pa. # 19-CV-735 (MSG)

Judge Goldberg:

Plaintiffs respectfully write to request that the Court set a scheduling conference pursuant to Fed. R. Civ. P. 16 (b) (1) (B), or in the alternative hold a pre-motion conference to discuss our anticipated motion to compel Defendants to satisfy their obligations under Fed. R. Civ. P. 26 (f).

It is well-settled that a motion to dismiss does not automatically stay discovery, nor is there any order imposed such a stay here. Yet, Defendants have declined to participate in a discovery conference in clear violation of their obligations under the Federal Rules. Rule 26 (f) (1) requires the parties to "confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16 (b)." Under Rule 16 (b) (2), a scheduling order is due "as soon as practicable, but unless the judge finds good cause for delay, the judge must

Hon. **Mitchell S. Goldberg** September 30, 2019

issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Under Rule 16 (b) (1) (B) a scheduling order must be issued after the receipt of a Rule 26(f) report or after consultation at a scheduling conference.

Defense Counsel first appeared in this action on February 22nd 2019 (ECF Doc. #5), more than seven months ago. As a matter of courtesy, Plaintiffs' Counsel wanted to allow time for the Court to dispose with Defendants' Renewed Motion to Dismiss (ECF Doc. #11), in the belief that after the Defendants' motion was denied, a prompt settlement would likely result. However, as Defendants' motion has been outstanding for more than 120 days and Defendants have rebuffed all attempts at settlement, Plaintiffs believe that aggressive litigation of their claims will likely be necessary.

Defendants were contacted via email on Monday, September 23rd 2019 on this issue via emailed letter. As it was expected that the Defendants would not wish to begin discovery, Plaintiffs' requested that Defendants either (a) file a Motion for Protective Order to Stay Discovery or (b) schedule a Rule 26 conference as required (Ex. A). This request was ignored by Defense Counsel without reply. On Friday, September 27th 2019, another email was sent repeating Plaintiffs' reasonable request, denying that a Rule 26 conference was "practicable" as "the Court has not scheduled a Rule 16 conference" and pointing to the Defendants' outstanding motion to dismiss (Ex. B).

While Defendants may wish otherwise, Plaintiffs' pleadings were more than sufficient to survive their Motion to Dismiss on some—if not all—of their claims. Yet Defendants have unilaterally decided that they can simply decline to participate in discovery under the Federal Rules without this Court's explicit order. Not unreasonably, Plaintiffs merely requested that they either "meet and confer" as required or seek a stay of discovery from this Court, yet Defendants have entirely refused and chosen instead to simply ignore their discovery obligations. Therefore, Plain-

Hon. **Mitchell S. Goldberg**                                                           September 30, 2019

tiffs request that the Court set a Rule 16 scheduling conference or in the alternative hold a pre-motion conference to discuss Plaintiffs' anticipated Motion to Compel Defendants to satisfy their obligations under Rule 26 (f).

Sincerely,

**Andrew B. Austin**, Esq.
*Attorney for Plaintiffs*

cc:     Mr. Stephen Fogdall, Counsel for Defendants, via ECF

# Exhibit A

Letter to Defense Counsel

September 23rd 2019

Hon. **Mitchell S. Goldberg** — Exhibit A                    September 30, 2019

**Andrew B. Austin**, Esq.
P.O. Box # 54628
Philadelphia, Pennsylvania, 19148
+1 (610) 656-1956
austin@stackhousegroup.com

**Stephen A. Fogdall**, Esq.
Schnader Harrison Segal & Lewis, LLP
1600 Market Street #3600
Philadelphia, Pennsylvania 19103-7286
sfogdall@schnader.com

**VIA ELECTRONIC MAIL**

September 23, 2019

**RE:**   **Rule 26(f)(1) Conference Scheduling**
*Dankanich et al. v. Pratt et al.*, E.D. Pa. # 19-CV-735 (MSG)

Mr. Fogdall:

As a courtesy to the both Court and yourself, I wanted to allow time for the Court to resolve your motion to dismiss. However, as it has now been greater than 120 days without any order, I feel that in the interests of my clients' I must now move forward without its resolution.

As I anticipate you will resist any discovery given the current posture, I simply ask that you file your motion for a protective order seeking a stay of discovery by the end of the week. Absent that, we can schedule our meet and confer "as soon as practicable" as required by Rule 26 which I expect would be no later than Tuesday of next week.

While I would think you have largely put this case out of mind pending the resolution

1

Hon. **Mitchell S. Goldberg** — Exhibit A         September 30, 2019

of your request for dismissal, it does not strike me that this delay forebodes well for your client.  Therefore, I am again willing to offer settlement on the following terms: (1) The City Solicitor agrees to designate Dankanich and Marrandino and allow me to move forward with their claims against PPA, Conduent, and any of their employees, as may be appropriate; (2) The City Solicitor agrees not to interfere with prosecution of that case, including but without limitation, either seeking dismissal– or settlement– of that action without our consent; (3) We will not seek attorneys fees in this action; (4) The City can deny all allegations in this instant case; (5) This settlement will be via court order and subject to enforcement by the Court.

Further, should it be useful information to your clients, while I expect Judge Goldberg will rule in my client's favor, I have discussed the possibility of dismissal with my clients, who have instructed me to appeal to the Third Circuit if necessary.

As this offer is substantially the same as my previous offer four months ago, I do not expect it should take long for your clients to consider.  Therefore I would require a response prior to Friday, September 27th 2019 at 5:00pm or your filing of your protective order—whichever comes first.  Please further be advised that once the Court issues its order regarding your dismissal, you should not anticipate any further settlement offers without attorneys' fees under § 1983.

Have a great week, and I look forward to hearing from you soon.

Sincerely,

**Andrew B. Austin**, Esq.
*Attorney for Plaintiffs*

2

# Exhibit B

Emails between Counsel

September 23rd–29th 2019


Hon. **Mitchell S. Goldberg** — Exhibit B                September 30, 2019

https://outlook.office.com/mail/search/id/AAQkA...

### Re: Dankanich v. Pratt (EDPa. #19-CV-735 MSG) - Rule 26 Conference

Andrew Austin
Fri 9/27/2019 3:00 PM
**To:** Fogdall, Stephen <SFogdall@Schnader.com>

Mr. Fogdall,

Thank you for your response. I am disappointed that I must threaten sanctions to simply receive an acknowledgment of communication.

However, your opinion is entirely unjustified: Absent a court order, you do not get to determine that discovery is not "practical". It is our duty to engage in a Rule 26(f) conference as "soon as practicable" and there is no requirement for a Rule 16 conference to be scheduled--in fact the rules clearly state that one of the criteria to schedule a Rule 16 conference is the parties Rule 26 conference report--which as an experienced federal litigation you are surely well-aware. Further, your discovery obligations do not stop simply due to your motion to dismiss--which again, you are well-aware. The balance of your "factors" are entirely without basis in law.

As you do not wish to participate in discovery, it is your obligation to seek a stay. As a courtesy, I first wanted to allow the Court time to resolve your motion, and then wanted to allow you time to seek that stay. However at this point if you are refusing--which you are--to participate in a Rule 26(f) conference as you are required, I have no choice but to report your unreasonable refusal to the Court.

I will also note that you had a duty to communicate my clients' settlement offer to your clients. As a diligent lawyer, I can only assume that you did so. Absent your indication that you intend to make the necessary filings (or move forward with the conference as you are required) I will make appropriate filings.

Have a great weekend.

Andrew Austin

---

**From:** Fogdall, Stephen <SFogdall@Schnader.com>
**Sent:** Friday, September 27, 2019 2:49 PM
**To:** Andrew Austin <austin@stackhousegroup.com>
**Subject:** Re: Dankanich v. Pratt (EDPa. #19-CV-735 MSG) - Rule 26 Conference

Mr. Austin, I am traveling and not in a position to respond on your unreasonable and

Hon. **Mitchell S. Goldberg** — Exhibit B                         September 30, 2019

https://outlook.office.com/mail/search/id/AAQkA...

unilaterally imposed schedule. In any event, contrary to your assertion, it is not "practicable" to engage in a 26(f) conference and begin discovery when the Court has not scheduled a Rule 16 conference, there is a pending motion to dismiss, and the Court expressed deep skepticism about plaintiffs' likelihood of success when it denied their motion for a temporary restraining order and preliminary injunction.

Sent from my iPhone

On Sep 27, 2019, at 1:45 PM, Andrew Austin <austin@stackhousegroup.com> wrote:

> {EXTERNAL EMAIL}
>
> Mr. Fogdall,
>
> I received neither acknowledgement nor response to my letter dated September 23rd. If I fail to hear from you today (or receive notice that you've filed for the necessary protective order) I can only assume that you have no intention of complying with your discovery obligations under Rule 26, nor intend to give me the courtesy of a response.
>
> Absent either, I will move forward next week with necessary filings, which may include a motion to compel and/or sanctions under Rule 37.
>
> I have attached the referenced letter/email for your convenience. Thank you for your prompt attention to this matter.
>
> Andrew Austin
>
> ---
>
> **From:** Andrew Austin
> **Sent:** Monday, September 23, 2019 1:05 PM
> **To:** Fogdall, Stephen <SFogdall@Schnader.com>
> **Subject:** Dankanich v. Pratt (EDPa. #19-CV-735 MSG) - Rule 26 Conference
>
> Mr. Fogdall,
>
> Please see attached letter. Thank you.
>
> Andrew Austin
>
> <2019-09-23 Rule 26 Conference.pdf>

2 of 3                                                                                                   9/30/19, 1:07 PM

NOTICE: The information contained in this communication may constitute a confidential or attorney-client privileged communication. If you have received this communication in error, do not read it. It is not intended for transmission to, or receipt by, any unauthorized persons. Please delete it from your system without copying it, and notify the sender by reply email or by calling (215) 751-2000, so that our address record can be corrected. Thank you.

