# EXHIBIT A

**ARCHER & GREINER, P.C.**
BY:  Patrick J. Doran (No. 58722)
Three Logan Square, 35th Floor
1717 Arch Street
Philadelphia, Pennsylvania 19103
(215) 963-3300



*Filed and Attested by the
Office of Judicial Records
27 NOV 2019 12:03 pm
E. HAURIN*

Attorneys for Defendant

|  |  |  |
|---|---|---|
| ANDREW J. DANKANICH and NICHOLAS A. MARRANDINO, | : : : | PHILADELPHIA COUNTY COURT OF COMMON PLEAS |
| Plaintiffs, | : : | |
| v. | : : | FEBRUARY TERM, 2019 NO. 2758 |
| PHILADELPHIA PARKING AUTHORITY, | : : : | |
| Defendant. | : : | |

## DEFENDANT'S PRELIMINARY OBJECTIONS TO COMPLAINT.

Defendant, The Philadelphia Parking Authority ("PPA" or "Authority"), by and through its undersigned counsel, file these Preliminary Objections to the Complaint filed by plaintiffs, Andrew J. Dankanich and Nicholas A. Marrandino, and state as follows:

### PROCEDURAL BACKGROUND.

1.      Plaintiffs commenced this action by filing a Praecipe for Writ of Summons on or about February 27, 2019.

2.      On November 1, 2019, plaintiffs filed their Complaint, a copy of which (with all exhibits) is attached to these Preliminary Objections as Exhibit 1.

### PPA'S ADMINISTRATION OF THE RED LIGHT CAMERA PROGRAM.

3.      This action focuses on PPA's statutory role as administrator of Philadelphia's Red Light Camera Program ("RLC Program").

4.      The RLC Program, which was authorized by the Pennsylvania General Assembly in Act 123 of 2002, 75 Pa.C.S. § 3116, allows certain intersections in Philadelphia to be equipped with cameras which allow red light traffic violations to be issued by way of an automated system using photography.

5.      By statute, the Legislature designated PPA as the "system administrator to supervise and coordinate the administration of notices of violation issued under [the RLC Program]." 75 Pa.C.S. § 3116(h)(2); see Complaint, ¶ 3 (PPA "is the state-authorized agency to provide Red Light Photo Enforcement within the City of Philadelphia").

6.      As administrator of the RLC Program, PPA is statutorily authorized to contract with a vendor to provide all necessary equipment (such as cameras and sensors) and software, as well as processing and database services.  75 Pa.C.S. § 3116(i)(1).

7.      PPA is also statutorily required to process and collect all fines issued under the RLC Program.  75 Pa.C.S. §§ 3116(i)(2); (l)(2).

8.      The General Assembly mandated by statute that the net revenues derived from the RLC Program do not belong to PPA or the City, but rather to PennDOT, which must use the funds generated by the RLC Program to fund state grants dedicated to improving transportation. 75 Pa.C.S. § 3116(l)(2).

9.      As authorized by the Legislature, the City of Philadelphia enacted an ordinance on May 29, 2003, codified at Phila. Code §§ 12-3000 et seq., which closely tracks the state statute and formally established the RLC Program.

10.      As required by the Legislature, PPA is designated as the administrator for the RLC Program.  Phila. Code § 12-3004.

2

Case ID: 190202758
Control No.: 19120003

11.     Also as required by the Legislature, the Philadelphia ordinance specifies that the proceeds of the RLC Program be distributed under Section 3116 of the Motor Vehicle Code, i.e., by PPA to PennDOT.  Phila. Code § 12-3006(2).

12.     Plaintiffs generally allege that PPA and the City of Philadelphia have "extensive statutory and contractual relationships" (Complaint, ¶ 3); in the context of the RLC Program, PPA and the City are parties to an Automated Red Light Enforcement System Joint Implementation Agreement dated June 3, 2004 ("Joint Agreement"), which is a matter of public record and a copy of which is attached to these Preliminary Objections as Exhibit 2.

13.     The Joint Agreement simply clarifies the Legislature's statutory mandate that the City neither bear any expense nor receive any revenue in connection with the RLC Program, as PPA is required "to reimburse the City for all reasonable costs associated with the City's participation in the development or operation of the [RLC Program]," including hearing officer and police department expenses, which are payable by PPA "only from the revenue generated by the [RLC Program], calculated prior to any distribution of such revenue to the Commonwealth…."  [Joint Agreement, § 1.]

**PLAINTIFFS' PURPORTED RETALIATION CLAIMS UNDER THE PHILADELHPIA FALSE CLAIMS ORDINANCE.**

14.     Plaintiffs are both former employees of PPA whose duties related to the RLC Program.

15.     The crux of plaintiffs' factual allegations is that PPA and two of its executives conspired with Conduent State & Local Services, formerly known as Xerox State & Local Services ("Conduent") – the contractor which has provided the hardware, software and support services used by PPA to administer the RLC Program since December 30, 2013 – to "defraud the City of Philadelphia."  [Complaint, ¶ 212.]

Case ID: 190202758
Control No.: 19120003

16.     In sum, plaintiffs allege that PPA gave Conduent preferential treatment which allowed Conduent to be awarded the contracts to serve as the vendor for the RLC Program, and unlawfully allowed Conduent to retain millions of dollars of contractual penalties which should have been paid to PPA because Conduent's system failed to perform.

17.     Plaintiffs allege that this scheme violated the Philadelphia False Claims Ordinance, Phila. Code §§ 19-3601 et seq. ("FCO"), which generally prohibits persons from making a false or fraudulent claim for payment to the City of Philadelphia.  See Phila. Code § 19-3602.

18.     Plaintiffs further allege that PPA terminated them because of their respective efforts to hold Conduent accountable and interfere with the continued scheme between PPA and Conduent.

19.     On this basis, plaintiffs' Complaint purports to state two claims: Dankanich (in Count I) and Marrandino (in Count II) each allege that PPA violated Section 3604 of the FCO, which prohibits any employer from taking adverse action against an employee "because of lawful acts done by the employee in furtherance of an action under [the FCO], including investigation for, initiation of, testimony for, or other assistance in an action filed or to be filed under [the FCO]."  Phila. Code § 19-3604(1).

**PLAINTIFFS' SUBMISSION OF A PROPOSED FCO COMPLAINT TO THE CITY SOLICITOR AND THE FEDERAL COURT LITIGATION.**

20.     As plaintiffs make clear in their Complaint, this lawsuit is not the first forum in which plaintiffs have raised their allegations of false claims and retaliation in violation of the FCO.

21.     Indeed, the FCO plainly provides that any claim by a private person under the FCO must first be presented to the Philadelphia City Solicitor, which may either bring the claim

Case ID: 190202758
Control No.: 19120003

directly, designate the person who submitted the claim to file a civil action, decline to pursue the claim or designate the claimant to file a civil action, or proceed in any other manner the City Solicitor deems appropriate.  Phila. Code § 19-3603(2).

22.     In this case, on October 18, 2018, plaintiffs submitted their proposed FCO Complaint to the Philadelphia City Solicitor, naming as defendants PPA, Conduent and two PPA executives "as participants in the scheme to defraud the City of Philadelphia."  [Complaint, ¶ 212.]

23.     Plaintiffs' proposed FCO Complaint includes the <u>same</u> <u>FCO</u> <u>retaliation</u> <u>claims</u> they purport to bring in this action.

24.     By letter dated February 8, 2019, Diana Cortes, Esquire, Chair of the City Solicitor's Litigation Group, notified plaintiffs that the City Solicitor was declining to either pursue plaintiffs' proposed FCO Complaint or designate plaintiffs to file the proposed Complaint as private parties.

25.     On February 20, 2019, plaintiffs commenced an action in federal court against the City and City Solicitor, docketed at <u>Dankanich and Marrandino v. Pratt and City of Philadelphia,</u> No. 19-745 (MSG)(United States District Court for the Eastern District of Pennsylvania)(the "Federal Court Litigation").  [Complaint, ¶ 213.]

26.     In the Federal Court Litigation, plaintiffs seek a declaration compelling the Solicitor to permit them to file and pursue their proposed FCO Complaint, including their FCO retaliation claims.

27.     A copy of plaintiffs' current Amended Complaint in the Federal Court Litigation, with all referenced exhibits, including plaintiffs' proposed FCO Complaint and the City Solicitor's letter dated February 8, 2019 (respectively Exhibits "A" and "B" thereto), is attached to these Preliminary Objections as Exhibit 3.

Case ID: 190202758
Control No.: 19120003

28.     The Federal Court Litigation remains pending; defendants' Motion to Dismiss plaintiffs' Amended Complaint is ripe for decision.

## PRELIMINARY OBJECTION PURSUANT TO RULE 1028(a)(4), Pa.R.C.P., IN THE NATURE OF A DEMURRER TO PLAINTIFFS' FCO CLAIMS.

29.     PPA incorporates by reference the averments of Paragraphs 1 through 28 of these Preliminary Objections.

30.     Even assuming the truth of plaintiffs' allegations, plaintiffs have not and cannot state a valid FCO retaliation claim because the RLC Program does not implicate any funds which belong to the City of Philadelphia.

31.     This is made clear by the Pennsylvania statute which controls the RLC Program and dictates that the net revenues generated by the RLC Program must be distributed by PPA to PennDOT.

32.     Accordingly, even if plaintiffs' terminations were motivated by some conduct of plaintiffs' conduct related to the RLC Program (which PPA denies) those terminations cannot give rise to an FCO retaliation claim because they cannot be linked to an underlying FCO violation.

33.     This is precisely why the City Solicitor rejected plaintiffs' proposed FCO Complaint and refused to allow plaintiffs to proceed with that Complaint as private parties.

WHEREFORE, PPA respectfully request this Honorable Court to sustain this Preliminary Objection and dismiss plaintiffs' Complaint with prejudice.

## PRELIMINARY OBJECTION PURSUANT TO RULE 1028(a)(4), Pa.R.C.P., IN THE NATURE OF A DEMURRER TO PLAINTIFFS' FCO CLAIMS.

34.     PPA incorporates by reference the averments of Paragraphs 1 through 33 of these Preliminary Objections.

Case ID: 190202758
Control No.: 19120003

35.     The FCO provides that private parties may not file <u>any</u> FCO claims – including FCO retaliation claims – unless they are first designated to do so by the City Solicitor.  Phila. Code § 19-3603(2).

36.     Plaintiffs themselves have acknowledged this requirement, as they submitted a proposed civil complaint to the City Solicitor including not only proposed substantive FCO claims on behalf of the City but also their individual FCO retaliation claims against PPA.

37.     Moreover, when the City Solicitor refused to proceed or designate them to proceed with their proposed FCO claims, plaintiffs sued the City and City Solicitor in the pending Federal Court Litigation, in which they seek a declaration permitting them to proceed.

38.     Accordingly, plaintiffs have not alleged satisfaction of the requirements for a private cause of action under the FCO.

WHEREFORE, PPA respectfully request this Honorable Court to sustain this Preliminary Objection and dismiss plaintiffs' Complaint with prejudice.


**OF COUNSEL**:                                    /s/ Patrick J. Doran
Archer & Greiner, P.C.                             Patrick J. Doran
Three Logan Square                                  Attorney for Defendant
Thirty-Fifth Floor
Philadelphia, PA  19103
215-963-3300
Fax:  215-963-9999
pdoran@archerlaw.com

217651809v2

7